UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL MOCK,

                     Plaintiff,

   -v-                                                      6:10-CV-919

THE CITY OF ROME,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Tully Rinckey PLLC<br>Attorneys for Plaintiff<br>441 New Karner Road<br>Albany, NY 12205 | DOUGLAS J. ROSE, ESQ. |
| OFFICE OF CORPORATION COUNSEL<br>   CITY OF ROME<br>Attorneys for Defendants<br>198 North Washington Street<br>Rome City Hall<br>Rome, NY 13440 | TIMOTHY A. BENEDICT, ESQ.<br>Corporation Counsel<br>GERARD F. FEENEY, II, ESQ.<br>Ass't Corporation Counsel |

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

     Plaintiff Michael Mock ("plaintiff" or "Mock") brought this action against defendant City of Rome (the "City" or "defendant") alleging discrimination under the Uniformed Services Employment and Reemployment Rights Act, 38 US.C. § 4311 ("USERRA") and New York Military Law, section 242. At all relevant times, Mock was a member of the United States Air

Force Reserve ("Reserve"), and was also employed as a police officer in the Rome Police Department.[1]

A jury trial was held in this matter on June 18, 19, and 20, 2012. The jury rendered a verdict of no cause of action in favor of the defendant against plaintiff on both counts, and a judgment was entered accordingly. Plaintiff timely filed a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure ("Rule __") 50(b), or, in the alternative, a new trial pursuant to Rule 59(a). Defendant opposed and plaintiff replied in further support. Oral argument was heard on August 17, 2012, in Utica, New York. Decision was reserved.

## II. DISCUSSION

### A. Rule 50(b) Motion

Pursuant to Rule 50(b), plaintiff renews his motion for judgment as a matter of law on his USERRA and New York Military Law claims. "A Rule 50 motion may be granted only when, considering the evidence in the light most favorable to the non-moving party and drawing all reasonable evidentiary inferences in that party's favor, there was no legally sufficient evidentiary basis for a reasonable jury to find in favor of the non-moving party." Nimely v. City of N.Y., 414 F.3d 381, 390 (2d Cir. 2005) (internal quotations omitted). A jury verdict should not be set aside lightly, and only where there is "'such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him.'"

---

[1] It is assumed that the parties are familiar with the underlying facts, which are detailed in the March 29, 2012, Memorandum–Decision and Order. See Mock v. City of Rome, 851 F. Supp. 2d 428 (N.D.N.Y. 2012).

AMW Materials Testing, Inc. v. Town of Babylon, 584 F.3d 436, 456 (2d Cir. 2009) (quoting Cross v. N.Y.C. Transit Auth., 417 F.3d 241, 248 (2d Cir. 2005)).  In reviewing such a motion, a court must give "deference to all credibility determinations and reasonable inferences of the jury, and may not weigh the credibility of witnesses or otherwise consider the weight of the evidence."  Brady v. Wal–Mart Stores, Inc., 531 F.3d 127, 133 (2d Cir. 2008) (internal quotations omitted).

Plaintiff argues that the quantum of unrebutted evidence offered by him concerning the pervasive discrimination against him was such that no reasonable jury could have found for the City.  According to plaintiff, the jury failed to consider the vast weight of the evidence demonstrating that one of the factors motivating the City's failure to promote him was his military service.  Simply put, plaintiff contends the evidence overwhelmingly supported his case and there was a complete absence of evidence supporting a verdict in favor of the City.

Section 4311 of USERRA provides that a member of a uniformed service "shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership."  38 U.S.C. § 4311(a).  An employer engages in a prohibited act under § 4311 "if the person's membership . . . is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership."  Id. § 4311(c)(1) (emphasis added).  "Military status is a motivating factor if the defendant relied on, took into account, considered, or conditioned its decision on that consideration."  Woodard v. N.Y. Health and Hosps. Corp., 554 F. Supp. 2d 329, 348 (E.D.N.Y. 2008) (internal quotations omitted) aff'd in part and remanded in part on other grounds, 350 F. App'x 586 (2d Cir. 2009) (summary order).

By contrast, New York Military Law section 242 precludes the diminution of a public employee's employment rights by reason of the employee's absence pursuant to ordered military duty.  See N.Y. Mil. Law § 242(4).  To state a viable claim under section 242, a plaintiff must prove he or she was "'subjected, directly or indirectly, to any loss or diminution of time service, increment, vacation or holiday privileges, or any other right or privilege, by reason of such absence, or be prejudiced by reason of such absence . . . with reference to continuance in . . . employment . . . re-employment, reinstatement, transfer or promotion.'" Wang v. N.Y.S. Dep't of Health, 33 Misc. 3d 1038, 1044 (N.Y. Sup. Ct. Albany Cnty. 2011) (quoting N.Y. Mil. Law. § 242(4)).

Here, plaintiff established at trial that he was a member of a uniformed service and was deployed overseas multiple times while working for the City.  The evidence showed that plaintiff repeatedly scored high on promotional exams for Sergeant and Detective, and that on multiple occasions, he ranked first on eligible promotion lists.  Despite his desire to be promoted and high achievements on the exams, he was continuously denied promotions.  Instead, as many as sixteen other officers were promoted over plaintiff, some less senior than him.  Evidence was also introduced showing that Mock was subjected to unwelcome comments by co-workers relating to his military absences, including a comment from the former Chief of Police that he was "out playing war games."  Further, plaintiff testified that on several occasions while deployed, he was informed he would not be considered for promotion to open positions, and often, he was not even informed about the existence of open positions.  Finally, plaintiff introduced into evidence several of his performance evaluations containing supervisor's comments referencing his military leave.

Plaintiff argues that collectively, this evidence demonstrates that his military status was a motivating factor in the City's decisions not to promote him, and that a reasonable jury could not have concluded otherwise and should have found for him under USERRA. Likewise, plaintiff contends this evidence establishes that he was subjected, either directly or indirectly, to being passed over for promotion by reason of his military service, and that a reasonable jury could not have concluded otherwise and should have found for him under New York Military Law section 242.

In addition to the proof in support of plaintiff's case, the proof at trial also established that pursuant to New York Civil Service Law, the City may choose from amongst the top three individuals on an eligible list to fill an open position. See N.Y. Civ. Serv. Law § 61. Rome Police Department supervisors and administrators testified that the City takes into account multiple factors in addition to promotional exam scores and rank on an eligible list when deciding promotions. The City also introduced evidence of a prior disciplinary action against plaintiff. Quite simply put, the City maintained that it chose other employees, more qualified and better suited for the position(s), to be promoted over Mock.

The jury was free to make credibility determinations and accept or reject the City's witnesses. As stated in denying defendant's motion for summary judgment, "[defendants] may avoid liability by showing they would have made the same decisions without regard to Mock's protected status. However, these are issues for a jury to decide." Mock, 851 F. Supp. 2d at 434–35. The record is sufficient for the jury to have concluded that factors other than plaintiff's military status were the reason he was not promoted sooner.

Finally, much of plaintiff's post-trial motion relies on the allegation that the City failed to act properly under New York Military Law section 243(7) regarding a special eligibility list. Under that provision,

> any person whose name is on any eligible list shall, while in military duty, retain his rights and status on such list. If the name of any such person is reached for certification during his military duty, it shall be placed on a special eligible list in the order of his original standing, <u>provided he makes request therefor</u> following termination of his military duty and during the period of his eligibility on such list. Such list shall be certified before certification shall be made from a subsequent open competitive or promotion eligible list for the same position or from the original eligible list for such position. Such names shall remain on such special eligible list for a period of two years after the termination of such military duty.[2]

N.Y. Mil. Law. § 243(7) (emphasis added).  Mock contends the City failed to create a special eligibility list while he was deployed, in violation of section 243(7).  He asserts that the jury was unreasonable in overlooking the City's refusal to make such a list because it is discrimination as a matter of law to violate section 243(7).

The evidence at trial established that in March 2003 plaintiff asked former Rome Director of Administrative Services Jonathan Sears what protections were available to him regarding his placement on eligible lists due to deployment.  Sears inquired with the New York State Civil Service Commission by e-mail, which informed him that a special eligibility list would be required in such a case.  Plaintiff contends the City had a duty to advise him of the special eligibility list requirement, and did not do so.  According to him, had a special eligibility list been created, he would have been the only candidate on that list in January

---

[2] The effect of such a list is that when a regular eligibility list expires, the employer must consult the special eligibility list.

2004 and thus the only officer eligible for promotion to Detective.[3]  However, there was no direct evidence that plaintiff requested a special eligibility list, as required by the law; he only made the initial inquiry with Sears.  Further, even if plaintiff had requested the list and the City complied, the City would have had no obligation to promote plaintiff.  They could have chosen not to promote anyone at that time.

Plaintiff cannot demonstrate that there was "'such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture.'"  AMW Materials Testing, 584 F.3d at 456 (quoting Cross, 417 F.3d at 248).  Instead, there was sufficient evidence upon which a reasonable jury could conclude that plaintiff's military status was not a motivating factor, or reason for, the decisions not to promote him.  Accordingly, plaintiff's renewed motion for judgment as a matter of law pursuant to Rule 50(b) will be denied.

**B.  Rule 59(a) Motion**

In the alternative, plaintiff seeks a new trial on the USERRA and New York Military Law claims pursuant to Rule 59(a). Under Rule 59(a), a court "may, on motion, grant a new trial on all or some of the issues—and to any party— . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A).  "'[A] motion for a new trial should be granted when, in the opinion of the district court, the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice.'"  DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 133 (2d Cir. 1998) (quoting Song v. Ives Lab., Inc., 957 F.2d 1041, 1047 (2d Cir. 1992)).

---

[3] The 2002 eligible list for Detective had expired for this promotion and thus the promotions made in January 2004 were provisional.

Plaintiff argues that based on the vast weight of the evidence demonstrating that his military status was a motivating factor in, or reason for, the decisions not to promote him, the jury's verdict was infected with serious error and constitutes a miscarriage of justice. As explained above, the jury's verdict was supported by sufficient evidence. Therefore, it was neither erroneous nor a miscarriage of justice. Plaintiff has cited no other reasons why a new trial would be appropriate. Plaintiff's motion for a new trial will therefore be denied.

## III. CONCLUSION

Considering the evidence in the light most favorable to the defendant as must be done, and drawing all reasonable evidentiary inferences in its favor, there was a legally sufficient evidentiary basis for a reasonable jury to find in favor of defendant and thus plaintiff's motion for judgment as a matter of law will be denied. Finally, plaintiff's self-serving contention that the jury's verdict was a miscarriage of justice falls short of the evidence needed to award a new trial and his motion for a new trial will be denied.

Therefore, it is

ORDERED that

1. Plaintiff's motion for judgment as a matter of law pursuant to Rule 50(b) is DENIED; and

2. Plaintiff's motion for a new trial pursuant to Rule 59(a) is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: December 21, 2012
       Utica, New York.